UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :

ANDREI KLEIN, MD,                                   :

                                                         :

                                Plaintiff,           :          10 Civ. 9568 (PAE) (JLC)
                -v-                                      :

                                                         :          <u>OPINION & ORDER</u>

                                                         :

CITY OF NEW YORK et al.,                    :

                                                         :

                                Defendants.   :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      In July 2011, defendants the City of New York and various of its officers (the "municipal defendants") and the United Federation of Teachers ("UFT") filed motions to dismiss the Second Amended Complaint of *pro se* plaintiff Dr. Andrei Klein ("Klein"). That Complaint asserts violations of the following federal laws: 42 U.S.C. § 1983 for deprivation of rights under the First, Fifth, and Fourteenth Amendments; 42 U.S.C. § 1985 for conspiracy to interfere with civil rights; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.*; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681 *et seq.*; the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111–2, § 2(3), 123 Stat. 5 (amending 42 U.S.C. § 2000e-5(e)); the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*; the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*; and the Equal Pay Act, 29 U.S.C. § 206(d).

[1]

As for state law claims, Klein alleged violations of the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code, § 8-101 *et seq.*; the New York State Whistleblower Law, N.Y. Labor Law § 740 *et seq.*; the New York City Whistleblower Law, N.Y.C. Admin. Code § 12-113; the New York City False Claims Act, N.Y.C. Admin. Code § 7–801 *et seq.*; as well as breach of contract; breach of the implied covenant of good faith and fair dealing; conversion; unjust enrichment; quantum meruit; fraud; and intentional misrepresentation.  Klein also alleges breach of fiduciary duty, which the Honorable James L. Cott, United States Magistrate Judge, correctly construed as a cause of action for breach of the duty of fair representation under New York Civil Service Law § 209–a(2)(c).

Shortly after the defendants filed motions to dismiss, Klein filed a cross-motion for a declaratory judgment and preliminary injunction against the defendants.  On October 28, 2011, Judge Cott, issued a Report and Recommendation that the defendants' motion to dismiss should be granted, that Klein's cross-motion for a declaratory judgment and preliminary injunction should be denied, and that Klein's application for pro bono counsel should similarly be denied. *See* Dkt. 48; *Klein v. City of New York*, No. 10-cv-9568, 2011 U.S. Dist. LEXIS 125375, at *2–13 (S.D.N.Y. Oct. 28, 2011) (Report and Recommendation).

On November 14, 2011, plaintiff filed partial objections to Judge Cott's Report and Recommendation, and also submitted what, in substance, appeared to be an amended complaint. *See* Dkt. 49.  Klein's submission further requested an extension of time to respond in full to Judge Cott's Report and Recommendation because the defendants had not yet provided him with copies of unreported cases cited therein.  By Order dated November 21, 2011 (Dkt. 50), the Court construed Klein's submission as a motion to further amend the Second Amended

Complaint, directed the defendants to respond to it as such, and granted Klein's request for an extension insofar as he wished to respond to issues raised by the unreported cases he had not previously been able to access. Additionally, because Klein's motion to amend contained qui tam claims under the False Claims Act, the Court received the submission under seal pursuant to 31 U.S.C. § 3730(b)(2). *Id.* However, because Klein's submission represented that he had already served that document on the defendants, the Court ordered the defendants not to copy it or disseminate it beyond counsel of record in this case, to file their oppositions to the motion to amend under seal, and to include all originals of Klein's submission in the sealed envelope with their opposition papers. *Id.* The Court also invited the defendants' views on whether these documents should remain sealed pending the resolution of this case. *Id.*

Briefing is now complete on both the parties' objections to Judge Cott's Report and Recommendation, and Klein's new motion to amend the complaint.[1] Additionally, the municipal defendants have requested that all documents relating to this case be unsealed. The Court addresses all of these issues in this Opinion and Order. For the following reasons, Judge Cott's Report and Recommendation is adopted in its entirety, Klein's motion to further amend his complaint is denied, and all documents relating to this case are ordered unsealed.

I.   **Judge Cott's Report and Recommendation**

The Court first addresses Judge Cott's Report and Recommendation on the defendants' motion to dismiss, plaintiff's cross-motion for a declaratory judgment and preliminary injunction, and plaintiff's pending application for pro bono counsel. The Court assumes

---

[1] The Court notes that, although Klein received an extension of time to submit additional objections based on the unreported decisions and although the defendants subsequently provided copies of those decisions to him, no other submission has been received.

[3]

familiarity with the factual background and procedural history of this case, set forth at length in Judge Cott's Report and Recommendation. *See Klein*, 2011 U.S. Dist. LEXIS 125375, at *2–13.

### A. Applicable Legal Standard

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-cv-5810, 2009 U.S. Dist. LEXIS 58771, at *10 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). But where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error. *See Kozlowski v. Hulihan*, Nos. 09-cv-7583, 10-cv-0812, 2012 U.S. Dist. LEXIS 15124, at *10 (S.D.N.Y. Feb. 7, 2012) (Holwell, J.); *Brown v. Time Warner Cable*, No. 10-cv-8469, 2011 U.S. Dist. LEXIS 113624, at *7 (S.D.N.Y. Oct. 3, 2011) (Crotty, J.); *Soley v. Wasserman*, No. 08-cv-9262, 2011 U.S. Dist. LEXIS 111522, at *11 (S.D.N.Y. Sept. 29, 2011) (Wood, J.); *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023, 2008 U.S. Dist. LEXIS 55034, at *2 (S.D.N.Y. July 21, 2008) (Swain, J.). The Court is mindful that *pro se* parties are generally accorded leniency when making objections. *Pinkney*, 2008 U.S. Dist. LEXIS 55034, at *2–3 (citing *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); *see also Vasquez v. Reynolds*, No. 00-cv-0862, 2002 U.S. Dist. LEXIS 4395 (S.D.N.Y. Mar. 18, 2002). Nonetheless,

to trigger *de novo* review, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citing *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 2002)).

    B.        Discussion

Klein largely makes only conclusory and general objections which merit only clear error review. The Court finds no error on the face of the Report and Recommendation. As to the points Klein objects to only conclusorily and generally, the Court adopts the Report and Recommendation in its entirety. However, Klein makes two objections sufficiently aimed at particular findings in the Report and Recommendation as to merit *de novo* review.

        1.        **Klein's contention that he was not "terminated" on June 6, 2003**

Klein contends that, contrary to the account in Judge Cott's report, he was not terminated on June 6, 2003, and has never been formally "terminated." *See* Dkt. 54 at 2. On that date, Klein received a letter from his superior directing him to collect his belongings and vacate his workspace; there is no allegation that he was ever invited or permitted to return. Klein asserts that this and other factual errors "markedly affected the outcome of the judicial inquiry." *Id*. However, the Report and Recommendation did not rely on the characterization of the personnel action at issue as a "termination." Rather, it recommended dismissal of *all* of Klein's claims on a different ground, issue preclusion, which is not implicated by Klein's objection.

Having reviewed the matter, the Court finds clearly correct Judge Cott's determination that Klein's claims are barred by various statutes of limitations—the only determination to which Klein's "termination" could conceivably be relevant. In calculating the limitations periods for Klein's respective claims, the Report and Recommendation used the date of March 9, 2004—the

last date on which any administrative action relating to Klein's employment was taken. On that day, Klein was informed by the UFT that the Department of Education's ("DOE") administrative review process would conclude unless he took additional affirmative action within 15 school days. *See* Dkt. 48 at 16, 18. There is no allegation that Klein took those required steps; the DOE's June 6, 2003 personnel action thus became final.

Klein's characterization of the June 6, 2003 personnel action as something other than a "termination" is thus not relevant to the statute of limitations inquiry. That inquiry turns on whether Klein has waited too long to sue on the basis of the personnel action. By any measure, even allowing for the fact that 15 "school days" may take more than 15 calendar days to pass, the DOE's administrative determination became final no later than April 15, 2004. Any cause of action Klein may have as a result of the June 6, 2003 personnel action must have accrued by that date. Klein, however, did not file this action until December 23, 2010, more than six and a half years later, and no cause of action asserted by Klein has a statute of limitations of more than six years. Accordingly, Judge Cott correctly concluded that each of Klein's claims is untimely. *See* Dkt. 48 at 15–18.

        2.      **Klein's assertion that the New York courts' decisions on his Article 78 petitions do not give rise to issue preclusion**

Klein also claims that the two decisions of the New York State Supreme Court, dismissing Article 78 proceedings in which Klein had challenged his termination, do not give rise to issue preclusion. *See* Dkt. 54 at 10–13. For the reasons set out in Judge Cott's lucid and persuasive Report and Recommendation, the Court holds—after a *de novo* review of the parties' submissions—that Klein's claims, all based on the June 6, 2003 personnel action and the ensuing administrative review, are barred by issue preclusion. *See* Dkt. 48 at 10–13.

### C. Conclusion

For the foregoing reasons, the Court finds no error in Judge Cott's Report and Recommendation. The Court, accordingly, adopts Judge Cott's Report and Recommendation in its entirety.

## II. Klein's Motion to Further Amend the Second Amended Complaint

As noted above, Klein's objections to Judge Cott's Report and Recommendation included two attachments, numbered X and XX, which resemble an amended complaint. By order dated November 21, 2011, the Court construed the submission as a motion to further amend the Second Amended Complaint and directed the defendants to respond. In the proposed Third Amended Complaint, Klein seeks to add a qui tam claim under the FCA and a RICO claim. For the following reasons, Klein's motion to further amend the Second Amended Complaint is denied.

### A. Applicable Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires." However, "a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007). A proposal to amend a complaint is futile if the proposed amended complaint would fail to state a claim on which relief could be granted. *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see also Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 F. App'x 97, 101 (2d Cir. 2011) (sum. order).

Thus, the issue of whether an amendment would be futile is governed by the same standard applied to the adequacy of an already-filed pleading. *Dougherty*, 282 F.3d at 88;

*Rodriguez v. New York City Police Dep't*, No. 10-cv-891, 2011 U.S. Dist. LEXIS 122871, at *7–8 (S.D.N.Y. Oct. 24, 2011). Under that standard, the proposed amended complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), such that those allegations, if accepted as true, "state a claim for relief that is *plausible on its face*." *South Cherry Street LLC v. Hennessee Group LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (emphasis in original).

Here, the defendants assert that the addition of Klein's claims would be futile because either (1) the applicable statute of limitations has passed; (2) Klein lacks standing; or (3) Klein has not complied with applicable pleading standards.

### B. Discussion

After careful review, the Court finds that the addition of Klein's proposed new claims would be futile. Each proposed claim is discussed in turn.

#### 1. Klein's Qui Tam Claim Under the FCA

The first new claim Klein seeks to assert is a qui tam action under the FCA. Klein argues that the regime of discipline and administrative suspension covering teachers in the New York City schools results in payments to teachers which violate applicable federal laws and regulations, and thus that any federal funding of that system constitutes a false claim for federal money. However, Klein, as a *pro se* plaintiff, lacks standing as a relator in a qui tam action pursuant to the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93–94 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act qui tam actions, we conclude that they are not entitled to proceed *pro se*."); *see also United States ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cnty.*, No. 06-cv-2860, 2012 U.S. Dist. LEXIS 878 at *15 n.3 (S.D.N.Y. Jan. 4, 2012) (Cote, J.).

Additionally, Klein's FCA claim must be dismissed on the independent ground of 31 U.S.C. § 3730(e)(4), which provides that a Court shall dismiss a claim "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . from the news media . . . unless . . . the person bringing the action is an original source of the information." In this case, the documents Klein has appended to his submission proposing to add the FCA claim are articles from the news media, as well as collectively-bargained contracts which are publicly available and have been the subject of media reports in the past. Klein makes no assertion that he is the "original source" of any of these materials. Accordingly, Klein's FCA claim would not survive a motion to dismiss, and its addition would therefore be futile. *See United States ex rel. Dick v. Long Island Lighting Co.*, 912 F.2d 13, 18 (2d Cir. 1990) ("if the information on which a qui tam suit is based is in the public domain, and the qui tam plaintiff was not a source of that information, then the suit is barred").

### 2. Klein's RICO Claim

Klein also seeks to add a new RICO claim. The factual premise of this claim appears to be that the defendants and their counsel have engaged in a long-running scheme of judge-shopping. A plaintiff asserting a RICO violation must demonstrate "(1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006); *see also O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010). Here, Klein has not plausibly alleged that either (a) any defendant has committed a predicate act identified by 18 U.S.C. § 1962; or (b) any injury he may have sustained was proximately caused by the defendants' alleged judge-shopping. *See O'Neil*, 394 F. App'x at 796 (citing *Lerner*, 459 F.3d at 283–84); *see also Commer. Cleaning Servs. v. Colin Serv. Sys.*, 271 F.3d 374, 380 (2d Cir.

2001). Accordingly, Klein's proposed new RICO cause of action does not state a claim for relief that is "plausible on its face." *S. Cherry St. LLC*, 573 F.3d at 110. Adding this claim would, therefore, be futile.

### C. Conclusion

For the foregoing reasons, the Court finds that an amendment adding Klein's new FCA and RICO claims would be futile. Leave to further amend the Second Amended Complaint is, therefore, denied.

## III. Unsealing

The municipal defendants have requested that any documents placed under seal by virtue of the Court's November 21, 2011 Order be unsealed because (a) Klein failed to comply with the procedures called for in the FCA by serving those documents on the defendants; and (b) the sealed matter is not by its nature confidential or sensitive. The Court agrees. The material Klein appended to his proposed qui tam FCA complaint is a collection of news articles and other publicly-available documents relating to the City of New York's labor relations with teachers and the administrative detention system for teachers. The continued sealing of this material does not promote the interests served by the FCA's sealing provision—namely, facilitating the government's investigation of alleged misconduct. Accordingly, any document sealed pursuant to the Court's November 21, 2011 Order must now be unsealed.

## CONCLUSION

For the foregoing reasons, Judge Cott's Report and Recommendation (Dkt. 48) is adopted in its entirety. The defendants' motion to dismiss the Second Amended Complaint is granted; Klein's cross-motion for a declaratory judgment and preliminary injunction is denied; and Klein's application for appointment of pro bono counsel is also denied. Additionally, Klein's submission in response to the Report and Recommendation, which the Court has construed as a motion to further amend the Second Amended Complaint, is denied as futile.

The Clerk of Court is directed to terminate the motions at docket numbers 24, 28, 33, 37, and 38. The Clerk of Court is further directed to unseal the documents at docket numbers 53, 56, and 57, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 21, 2012
       New York, New York